IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A1013142, | ) | CIV. NO. 17-00093 LEK-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING IN FORMA |
| | ) | PAUPERIS APPLICATION AND |
| vs. | ) | DISMISSING ACTION PURSUANT |
| | ) | TO 28 U.S.C. § 1915(g) |
| SGT. SALAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)

Before the court is pro se Plaintiff Peter R. Tia's prisoner civil rights complaint and in forma pauperis ("IFP") application. ECF Nos. 1, 2. Tia alleges that Halawa Correctional Facility ("HCF") corrections officer Sgt. Salas has conspired against him in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, 12 U.S.C. § 1251 (repealed) and 42 U.S.C. § 1981, because Salas is of Mexican ancestry and believes Tia is African American. Tia complains that Salas conspired with HCF and Department of Public Safety officials, the Aryan Brotherhood, other inmates, United States District

Judge Susan Oki Mollway, the undersigned, and others

for the past eighteen years to deprive him of his

freedom.  *See generally*, Compl., ECF No. 1.

## I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a

civil judgment if he has:

> on 3 or more prior occasions, while
> incarcerated . . ., brought an action or appeal
> in a court of the United States that was
> dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which
> relief may be granted, unless [he] is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "should be used to deny a

prisoner's IFP status only when . . . the district

court determines that the [earlier] action was

dismissed because it was frivolous, malicious or failed

to state a claim." *Andrews v. King*, 398 F.3d 1113,

1121 (9th Cir. 2005).  "[D]ocket records may be

sufficient to show that a prior dismissal satisfies at

least one of the criteria under § 1915(g)."  *Id.* at

1120.

Tia has accrued three "strikes" under § 1915(g), and has been notified of these strikes.[1] Tia may not proceed in a civil action without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury based on Defendants' actions when he filed suit.

## II.  THE IMMINENT DANGER EXCEPTION

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053.  Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147

---

[1] *See Tia v. Criminal Investigation*, 1:10-cv-00441 DAE (D. Haw. 2010) (dismissed as frivolous and ftsc); *Tia v. Criminal Investigation*, 1:10-cv-00383 SOM (D. Haw. 2010); and (same); *Tia v. Fujita*, 1:08-cv-00575 HG (D. Haw. 2009) (dismissed for failure to state claim).  *See* PACER Case Locator http://pacer.psc.uscourts.gov.

F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Tia's allegations that Salas tampered with his mail and grievances to deny him his freedom do not show that Tia was in imminent danger of serious physical injury when he commenced this action. Tia may not proceed without concurrent payment of the civil filing fee and his IFP application is DENIED.

### III.   CONCLUSION

The IFP application is DENIED and this action is DISMISSED without prejudice to Tia's refiling these claims in a new action with concurrent payment of the civil filing fee. Any pending motions are terminated. The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:   HONOLULU, HAWAII, March 8, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. Salas,* 1:17-cv-00093 LEK/RLP; 3stk 2017/Tia 17-93 lek